UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VOSS MANAGEMENT, INC., | ) |
| Plaintiff, | ) |
| v. | ) U.S.D.C. Case No.: 4-12-CV-01326 |
| | ) **JURY TRIAL DEMANDED** |
| NORTH POINTE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## DEFENDANT'S TRIAL BRIEF

COMES NOW Defendant, North Pointe Insurance Company (hereinafter "North Pointe"), pursuant to this Court's Case Management Order and for its Trial Brief, states as follows:

### I.   FACTUAL BACKGROUND

The primary issue in this case is whether certain damage to a roof located at West County Lanes 15727 Manchester Road in Ballwin, Missouri was caused by a windstorm, which occurred on or about December 31, 2010.  In short, it is North Pointe's position that any damage claimed by Plaintiff was not caused by the December 31, 2010 windstorm.  Plaintiff disagrees.

As a background, North Pointe issued a policy of insurance to Plaintiff covering the West County Lanes property having Policy No: NPD34785 and policy period of December 1, 2010 to December 1, 2011.

Plaintiff made a claim under the policy for damage relating to a windstorm on December 31, 2010.  North Pointe sent Donan Engineering to examine the damage relating to the storm. Gilbert Arnold, Donan Engineer, opined that that the roof system is very aged and beyond its

anticipated service life. He stated that the roof was in very poor condition and had not been well-maintained. He believed that the roof was in need of full replacement and was leaking due to its age and the poor quality of repairs. In his report, Mr. Arnold lists numerous deficiencies throughout the roof areas in multiple locations, which have nothing to do with storm damage. Some of the deficiencies noted are: splits in roof membranes; poor attachment of roof membrane resulting in widespread ridging and blisters; improper repairs utilizing asphalt roof cement throughout the roof; poor attachment of flashing; temporary shingles installed in the roof system as repairs; widespread opening in the laps; etc.

Plaintiff hired Tim Lyons, a local roofing contractor to make repairs to the roof. Mr. Lyons made temporary repairs to the roof before and after the storm. However, Mr. Lyons stated that he did not see a difference in the condition of the roof following the storm. The Plaintiff eventually had the roof replaced by Stewart and Company. Plaintiff is making a claim for the replacement of the roof and interior water damage allegedly caused by the storm.

It is North Pointes' position that this damage is clearly not covered under the policy of insurance. Plaintiff continues to maintain the damage is all related to the December 31, 2010 storm.

## II. FACTUAL AND LEGAL ISSUES

### A. Factual Issues

The primary factual issue to be tried to the jury will be whether there is damage to the roof relating to the December 31, 2010 storm and if that damage led to interior water damage. There will also be substantial factual issues with respect to the amount of damage sustained by Plaintiff.

B. **Legal Issues**

Under Missouri law, insurance policies are contracts to which rules of contract construction apply. *Hartford Underwriter's Ins. Co. v. Estate of Turks*, 206 F.Supp.2d 968, 975 (E.D.Mo. 2002).  An insurance policy is a written contract between the insurer and the insured and each is bound by its terms. *Brattin Ins. Agency, Inc. v. Triple S. Properties, Inc.* , 77 S.W.3d 687, 688 (Mo.App. 2002).  As with any contract, an analysis of coverage under policies begins with the language of the policies. *Cincinnati Ins. Co. v. Meremac Valley Bank,* 259 F.Supp.2d 922, 927 (E.D.Mo. 2003).

Under Missouri law, the court must accept the written policy as the expression of the agreement made by the parties, and give effect to the intentions of the parties as disclosed by clear and unambiguous language. *Wilson v. Concordia Farmers Mut. Ins. Co.,* 479 S.W.2d 159, 162 (Mo.App. 1972).  Where language in an insurance policy is unequivocal, it must be given its plain meaning. *Id; Moore v. Commercial Union Ins. Co.*, 754 S.W.2d 16, 18 (Mo.App.1988).

1. **North Pointe is only liable for damage sustained due to windstorm**

It is undisputed that North Pointe issued a policy to West County Lanes.  First, the sole coverage issue to be determined in this case is:  1) whether or not there was damage relating to a windstorm which occurred on December 31, 2010.  Plaintiff's Petition only makes a claim for damages caused by "wind loss".  Plaintiff's Petition does not make any reference to alleged damage being caused by ice or snow accumulation.

***

**CAUSES OF LOSS – SPECIAL FORM (CP 10 30 10 00)**

A.   **Covered Causes of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is:

3

  **1.**  Excluded in Section **B.,** Exclusions; or
  **2.**  Limited in Section **C.,** Limitations;

that follow.

**B.**  **Exclusions**

  **2.**  We will not pay for loss or damage caused by or resulting from any of the following:

    **d.**  **(1)**  Wear and tear;
      **(2)**  Rust corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
      **(4)**  Settling, cracking, shrinking or expansion;
      **(7)**  The following causes of loss to personal property:
        **(a)**  Dampness or dryness of atmosphere;
        **(b)**  Changes in or extremes of temperature;

          **\*\*\***

**F.**  **Definitions**

"Specified Causes of Loss" means the following: Fire; lightning; explosion; windstorm or hail; smoke; aircraft or vehicles; riot or civil commotion; vandalism; leakage from fire extinguishing equipment; sinkhole collapse; volcanic action; falling objects; weight of snow, ice or sleet; water damage.

          **\*\*\***

The policy of insurance unambiguously provides coverage for windstorm. However, the limited policy unambiguously excludes any damage wear and tear, rust corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in the property that causes it to damage or destroy itself; settling, cracking, shrinking or expansion. Any argument or implication that North Pointe owes for any damage beyond damage caused by the windstorm is not supported by the policy of insurance or Missouri law.

Defendant anticipates that Plaintiff may make the argument that North Pointe wrote the policy and, therefore, should pay for any damage to the roof, no matter what the cause.

4

However, as noted above, the Court is required to give the policy language its plain meaning. See *Moore,* 754 S.W. 2d at 18. There is also no support in Missouri case law, the policy of insurance, or the pleadings to date to support such an argument.

### 2. The proper measure of damages is Replacement Cost

In an action for breach of contract, a plaintiff may recover the benefit of his or her bargain as well as damages naturally and proximately caused by the breach and damages that could have been reasonably contemplated by the Defendant at the time of the agreement. Lamb v. Amalgamated Labor Life Ins. Co., 602 F.2d 155, 159 (8th Cir. 1979). Under the terms of the insurance policy and Missouri law, the proper measure of damages is replacement cost. The policy states, in pertinent part:

***

> *SECTION A.  COVERAGE*
> *We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.*
>
> *SECTION G.  OPTIONAL COVERAGES*
> *If shown as applicable in the Declarations, the following Optional Coverages apply separately to each item.*
>
> *3.    **Replacement Cost***
> *a.    Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Loss Condition, Valuation, of this Coverage Form.*

***

Further, in Plaintiff's Petition, Plaintiff acknowledges that that the Voss Management, Inc. "was insured against loss and damage to the bowling alley building on Manchester Road without limit or deductible cover **replacement costs** for the roof of the structure and all of the improvements or betterments of the structure as well as its contents on an agreed basis." (Plaintiff's Petition, Paragraph 4). Therefore, the proper measure of damages is replacement cost.

5

C. <u>Additional Legal Issues</u>

North Pointe anticipates there will be multiple additional legal issues related to the admissibility of certain evidence. North Pointe has raised each of these anticipated issues in its motions in limine and through objections at trial.

### III.    CONCLUSIONS

WHEREFORE, Defendant North Pointe Insurance Company prays that this Court enter judgment in its favor, and against Plaintiff, for its costs and attorney's fees expended, and for such other and further relief as this Court deems just and proper under the circumstances.

**BROWN & JAMES, P.C.**

*/s/ David P. Bub*
David P. Bub, #44554MO
Tyler J. Finnegan, 65390MO
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400
314-421-3128 – FAX
dbub@bjpc.com
tfinnegan@bjpc.com
*Attorneys for Defendant*
*North Pointe Insurance Company*

6

**CERTIFICATE OF SERVICE**

   The undersigned certifies that a true and correct copy of the foregoing was sent via the Court's electronic filing system this 11th day of September, 2015, to:

Donald Nangle
Attorney at Law
2525 January
St. Louis, MO  63110
*Attorney for Plaintiff*

Canice Timothy Rice, Jr.
Attorney at Law
1221 Locust Street, Suite 800
St. Louis, MO  63103
*Co-counsel for Plaintiff*


                 */s/ David P. Bub*

*12536582*